FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 27, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KIRK WILLIAMS,<br><br>　　　　Petitioner,<br><br>　v.<br><br>JAMES KEY,<br><br>　　　　Respondent. | 2:22-CV-00081-SAB<br><br>**ORDER DISMISSING HABEAS ACTION** |

　　　Before the Court is Petitioner Kirk Williams' First Amended Petition received on August 1, 2022. ECF No. 11. Petitioner, a prisoner at the Airway Heights Corrections Center is proceeding *pro se* and *in forma pauperis*. Respondent has not been served in this action.

　　　Along with the First Amended Petition, Mr. Williams filed the Order directing him to amend his petition. ECF No. 11 at 2–11. It was not necessary for him to do so. The Court has access to its own records.

　　　Petitioner indicates that he is bringing his First Amended Petition "under 28 U.S.C. § 2241." ECF No. 11 at 1. As previously instructed, 28 U.S.C. § 2254 is the exclusive avenue for a state prisoner to challenge the constitutionality of his detention. *White v. Lambert*, 370 F.3d 1002, 1007 (9th Cir. 2004), *overruled on other grounds by Hayward v. Marshall*, 603 F.3d 546 (9th Cir. 2010) (*en banc*),

**ORDER DISMISSING HABEAS ACTION -- 1**

*overruled on other grounds by Swarthout v. Cooke*, 562 U.S. 216 (2011). Petitioner did, however, present his First Amended Petition on a form Petitioner Under 28 U.S.C. § 2254 for Writ of Habeas Corpus By a Person in State Custody. ECF No. 11 at 12–27.

By this action, Petitioner challenges a disciplinary infraction that resulted in a sanction of five days of cell confinement in November 2019. *See* ECF No. 11 at 37. Although Petitioner asserts "loss liberty interest in loss goodtime credit[]s, loss Program treatment, loss classification, loss of Pro social living Community and the loss of working at Optical," ECF No. 11 at 20, he has presented no facts in the First Amended Petition from which the Court could infer that the disciplinary action affected the fact or duration of his confinement. *See Preiser v. Rodriguez,* 411 U.S. 475, 500 (1973), *overruled on other grounds by Heck v. Humphrey,* 512 U.S. 477, 482 (1994). While Petitioner indicates there was "earned time not earned," ECF No. 11 at 51–55, he has presented no facts from which the Court could infer that he was sanctioned with the loss of Good Time credits already earned. *See id.* at 55.

A prisoner seeking to expunge a disciplinary charge where "a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence" cannot bring a habeas petition. *Ramirez v. Galaza,* 334 F.3d 850, 859 (9th Cir. 2003). Although granted the opportunity to do so, Petitioner has presented no facts from which the Court could infer that the 2019 disciplinary action affected the length of his confinement. Liberally construing the First Amended Petition in the light most favorable to Mr. Williams, the Court finds that he has failed to state a claim upon which this Court could grant relief.

//
//
//
//

**ORDER DISMISSING HABEAS ACTION -- 2**

Accordingly, for the reasons set forth above and in the Court's Order to Proceed *In Forma Pauperis* and Order to Amend Petition, ECF No. 5, **IT IS HEREBY ORDERED**:

1. This action is **DISMISSED WITH PREJUDICE** pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. *See Gutierrez v. Griggs*, 695 F.2d 1195, 1109 (9th Cir. 1983) ("Rule 4 explicitly allows a district court to dismiss summarily the petition on the merits when no claim for relief is stated").

2. The Clerk of Court is directed to **ENTER JUDGMENT** and **CLOSE** the file.

3. The Court certifies that, pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith and there is no basis upon which to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). A certificate of appealability is therefore **DENIED.**

**IT IS SO ORDERED.** The Clerk of Court is directed to enter this Order and provide copies to Petitioner at his last known address.

**DATED** this 27th day of September 2022.



_____
Stanley A. Bastian
Chief United States District Judge

**ORDER DISMISSING HABEAS ACTION -- 3**